# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERMAINE BIRDOW, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. CIV-12-857-D |
| | ) |
| MIKE ADDISON, Warden | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action seeking a writ of habeas corpus. Petition [Doc. No. 1] and Brief in Support [Doc. No. 3]. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Respondent has filed a Motion to Dismiss [Doc. No. 10]. Petitioner has not responded and the time to do so has passed. The matter is now at issue. For the following reasons, it is recommended that the Motion to Dismiss be granted and the Petition dismissed without prejudice.

## Petitioner's Habeas Claim

Petitioner received a disciplinary conviction for possession of a cell phone. Petition, pp. 1-2. He asserts that he was denied due process and asks the Court to grant a writ of habeas corpus, "vacating and setting aside the (ODOC) Disciplinary sanctions . . . ." *See id.*, p. 2.

## Respondent's Motion to Dismiss

Respondent seeks dismissal of the Petition on grounds that habeas corpus is not an

appropriate avenue for the relief requested. *See* Motion to Dismiss, p. 3. For the reasons set forth, the undersigned agrees that Petitioner fails to state a cognizable claim for habeas relief.

Petitioner admits that he is serving a sentence for first degree robbery and "cannot receive earn[ed] credits" until eighty-five percent of his sentence is complete. Petition, p. 1. Because Petitioner is not presently eligible to earn credits, his allegations fail to support a cognizable claim for habeas relief. That is, even if Petitioner's allegations are true, overturning his disciplinary conviction would not result in his speedier release or otherwise affect the duration of his confinement. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (holding that where a favorable resolution on habeas review would not affect the length of an inmate's confinement, the proper vehicle for inmate's relief was 42 U.S.C. § 1983); *Hall v. Williams*, Nos. 99-2326, 99-2362, 2000 WL 990866, at *2 (10th Cir. July 19, 2000) (unpublished op.) (citing *Orellana* with approval and finding that petitioner's due process challenge to his classification and segregation was not cognizable under 28 U.S.C. § 2241 because inmate was ineligible for earned credits due to his sentence of life without parole, and thus his allegations even if true would not entitle him to release nor affect the duration of his confinement); *Mosier v. Calbone*, CIV-05-120-HE, Report and Recommendation, Doc. No. 40, p. 3 (W.D. Okla. Aug. 23, 2005) (unpublished op.) (finding that petitioner's claim regarding a lack of due process was not cognizable in habeas corpus proceedings where inmate was ineligible for earned credits), *adopted*, Order, Doc. No. 43, p. 1 (W.D. Okla. Sept. 23, 2005) (unpublished op.). Accordingly, the undersigned recommends granting

Respondent's Motion to Dismiss and dismissing the Petition.

## **RECOMMENDATION**

Based upon the foregoing analysis, it is recommended that the Petition for a Writ of Habeas Corpus be dismissed.

The parties are advised of their right to file an objection to this Report and Recommendation in accordance with Fed. R. Civ. P. 72(b)(2). Any such objection must be filed with the Clerk of this Court by the 4th day of March, 2013. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 12th day of February, 2013.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE